IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CR-00050-D

**United States of America**,

v.

**Kevin Emmanual Freeman**,

        Defendant.

**Order**

      In August 2025, Defendant Kevin Emmanual Freeman sent a letter to the court requesting new counsel. Mot. for New Counsel, D.E. 179. Among other things, he said his attorney "does not have [his] best interest at heart due to the fact she said she don't like representing people of [his] kind (Black people)." *Id*.

      A few weeks after submitting that letter, Freeman appeared for his arraignment. At the outset of that hearing, the court addressed the allegation against his attorney. Freeman's attorney denied she made such a statement. And while Freeman initially maintained she made that noxious comment, he eventually backed off that claim. When pressed, he said that he interpreted her to feel that way based on the advice she was giving him.

      But Freeman's letter does not say that he believed his attorney harbored racist views, it says that she explicitly said she was biased against the defendant because of his race. This is a grave allegation that, if true, could have devastating impact on an attorney's career. And just the fact that such an allegation is made can diminish the public's faith in the judicial system.

      Based on Freeman's statements and demeanor in court, the court does not find the allegation in his letter to be credible. Instead, it finds that Freeman willfully impeded or attempted to impede the administration of justice in connection with his prosecution by knowingly providing

materially false information to the judges of this court in his letter. His false statement was material because if the court believed it, it would tend to influence or affect the resolution of his request for new counsel. The court also finds that Freeman's attorney did not make the statement attributed to her in Freeman's letter.

This type of false allegation is so toxic that it undermines the attorney-client relationship to such an extent that appointment of new counsel is necessary. Thus the court grants Freeman's motion for new counsel. D.E. 179.

The Clerk of Court must forward a copy of this order to the Federal Public Defender, who must appoint new counsel for the defendant. Upon the appearance of new counsel, Freeman's current attorney is relieved of any further responsibility here and should be terminated as counsel of record.

The Clerk of Court must also forward a copy of this order to the United States District Judge assigned to this case.

Dated: September 4, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge